# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

**In Re**

| | |
|---|---|
| RYAN ALLEN SAUNDERS and HAYLEE AUNE SAUNDERS, | **Bankruptcy Case No. 07-40115-JDP** |
| Debtors. | |

---

## MEMORANDUM OF DECISION

---

**Appearances:**

    Aaron J. Tolson, WRIGHT JOHNSON TOLSON & WAYMENT, Idaho Falls, Idaho, Attorney for Creditor Marsha L. Brasseaux.

    Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for Trustee R. Sam Hopkins.

### *Introduction*

    Chapter 7 trustee R. Sam Hopkins ("Trustee") has filed an Objection to Claim, Docket No. 64, to which creditor Marsha L. Brasseaux ("Creditor") has responded. Docket No. 65. The Court conducted a

MEMORANDUM OF DECISION - 1

hearing on Trustee's objection on May 5, 2009, and thereafter took the issues under advisement. The Court has considered the submissions of the parties, the arguments of counsel, as well as the applicable law, and now issues the following decision. This Memorandum constitutes the Court's findings and conclusions and disposes of the objection. Fed. R. Bankr. P. 7052; 9014.[1]

*Facts*[2] *and Procedural History*

On February 18, 2005, Creditor purchased a 2002 Toyota Tacoma SR5 pickup from a Pocatello, Idaho dealer. Creditor signed a purchase

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

[2] In a prior adversary proceeding involving these parties, Adversary Proceeding No. 07-8081-JDP, Trustee and Creditor stipulated to the relevant facts. Adv. Docket No. 10. They have agreed that those facts may also be considered by the Court in disposing of this matter. Therefore, the facts recited herein are those set forth in the Court's opinion issued in resolution of that adversary proceeding, Adv. Docket No. 14, with such minor modifications necessary to reflect the events occurring since the conclusion of the adversary proceeding.

MEMORANDUM OF DECISION - 2

agreement, and paid the dealer $15,270.14[3] with her personal check.

Following the purchase, an application for certificate of title was submitted to the State of Idaho, which listed Creditor "or" Haylee Saunders as the owners of the vehicle. Creditor explains that she added her daughter, Haylee Saunders, to the Tacoma's certificate of title because she had seen a television program that advised viewers to add a child's name to their vehicle titles so the child could easily dispose of the vehicles and avoid probate if the parent-owner died.

On February 26, 2007, debtors Ryan and Haylee Saunders ("Debtors") filed a chapter 7 petition. At the time they did so, Debtors were unaware that Haylee Saunders was listed as an owner on the Tacoma's title certificate. They did not inform Creditor about their bankruptcy filing.

In April, 2007, Trustee electronically searched the Idaho motor vehicle title and registration records and discovered that Haylee Saunders

---

[3] The purchase price for the pickup was $12,500. The amount Defendant paid reflects this price plus applicable sales tax, dealer documentation and title fees, and a service agreement. Adv. Docket 10, Ex. A.

MEMORANDUM OF DECISION - 3

was listed as an owner of the Tacoma. Upon inquiry, Trustee was informed by Debtors that Creditor had possession of the pickup.

On August 6, 2007, Trustee commenced an adversary proceeding against Creditor to recover the pickup for liquidation, and to distribute the proceeds to creditors in Debtors' bankruptcy case. In its opinion resolving the issues in that action, the Court concluded that, because of the confluence of Idaho law and bankruptcy law, Trustee was indeed entitled to possession of, and to sell, the pickup. A judgment implementing the Court's decision was entered on March 19, 2008. Adv. Docket No. 15.

Creditor did not appeal this judgment. Instead, on March 21, 2008, Creditor filed a proof of claim in the bankruptcy case as an unsecured creditor in the amount of $15,270.14 so she could share in distributions to be made by Trustee to creditors. The amount of her claim was based upon the purchase price Creditor paid for the vehicle.

The pickup was sold at a public auction on September 13, 2008 for $8,000. Docket No. 48. Trustee objected to allowance of Creditor's claim on March 16, 2009. Docket No. 64.

MEMORANDUM OF DECISION - 4

*Analysis and Disposition*

Trustee contends Creditor's claim should be disallowed because Creditor holds no claim against Debtors or the bankruptcy estate. Trustee is, of course, correct in that Debtors were not indebted to Creditor at the time they filed their bankruptcy petition. Creditor, however, argues that, as a result of the prior litigation with Trustee wherein she was effectively deprived of her interest in the pickup, she now should be able to share in distributions to be made by Trustee to creditors.

Generally, to be allowed, claims must be based upon debts owed to a creditor as of the date of the filing of a debtor's bankruptcy petition. § 502(b). However, Congress recognized that certain allowable claims may arise during the pendency of a debtor's bankruptcy case. Resolving Trustee's objection in this case requires the Court to examine one such provision, § 502(h), which provides:

> A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this

MEMORANDUM OF DECISION - 5

> section, the same as if such claim had arisen
> before the date of the filing of the petition.

11 U.S.C. § 502(h). As a rule, when property is recovered by the trustee under § 550, § 502(h) will usually operate to allow the resulting claim the same as if it had arisen before the petition was filed. *Busseto Foods, Inc. v. Laizure (In re Laizure)*, 548 F.3d 693, 696 (9th Cir. 2008) (citing *Verco Indus. v. Spartan Plastics (In re Verco Indus.)*, 704 F.2d 1134, 1139 (9th Cir. 1983)).

In this instance, the critical issue is whether Creditor's claim arose "from the recovery of property under section 522, 550, or 553 of [the Code]". Sections 522 (dealing with exemptions) and 553 (dealing with a creditor's setoff rights) are inapplicable here, so the Court must turn its attention to § 550, which provides, in pertinent part:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of

MEMORANDUM OF DECISION - 6

such initial transferee.

11 U.S.C. § 550(a). While §§ 544, 545, 548, 549, 553(b) and 724(a) provide the means by which a trustee may avoid certain transfers, § 550 is the mechanism which empowers a trustee to recover the property or the value thereof from a transferee. "When a transfer is avoidable, § 550 provides that a trustee may recover the avoided property or its value for the benefit of the estate from the initial transferee and the entity for whose benefit the transfer was made, and from any subsequent transferees, both immediate and mediate." *Walsh v. Townsquare Assoc. (In re Montross)*, 209 B.R. 943, 948 (9th Cir. BAP 1997) (citing *Poonja v. Charles Schwab & Co., Inc. (In re Dominion Corp.)*, 199 B.R. 410, 413 (9th Cir. BAP 1996).

In the adversary proceeding, this Court determined that Trustee was entitled to recover and sell the jointly-titled pickup as a consequence of the exercise of his special "strong arm" powers under § 544(a).[4] More

---

[4] Trustee also contended that he was entitled to possession of the pickup as property of the estate under § 541, and thus the vehicle ought to be turned over to him pursuant to § 542. However, the Court's decision focused solely upon § 544.

MEMORANDUM OF DECISION - 7

precisely, the Court held that,

> In addition to allowing a trustee to avoid *transfers* of the debtor's property, § 544(a)(1) also grants a trustee "all other rights and powers that a creditor holding a judicial lien would have after prevailing in a simple contract action, whether or not such creditor exists in fact." Thus, if under the applicable state law, a judicial lien creditor would prevail over an adverse claimant, the trustee will prevail; if the judicial lien creditor would not prevail, the trustee's claim fails as well.

Memorandum of Decision at 8, Adv. Docket No. 14 (emphasis in original; internal quotations omitted). The Court concluded that under Idaho law, whether one holds a legally cognizable interest in a motor vehicle is determined by reference to the certificate of title. Because the title certificate for the pickup in this case listed, as its owners, Haylee Saunders "or" Creditor, the Court concluded that a hypothetical judgment lien creditor of Ms. Saunders could assume that she owned an interest in the pickup to which the judgment lien creditor's lien would attach. *Id*. at 9-10. Since, under state law, a judgment lien creditor could seize the pickup, a trustee exercising his powers under § 544(a)(1) is given a similar right. As

MEMORANDUM OF DECISION - 8

a result, the Court ordered that Trustee could recover and sell the pickup and use the proceeds to pay Debtors' creditors.

Creditor argues that, under these circumstances, she should be entitled to the benefits afforded by § 502(h). Trustee disagrees. The Court concludes Trustee's position is the correct one.

Section 544(a)(1) is written in the disjunctive; it states that the "trustee shall have . . . the rights and powers of, *or* may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is avoidable by [a judicial lien creditor]" (emphasis supplied). In contrast, the text of § 550 limits its application solely to *transfers avoided* by the trustee. Indeed, § 550 is titled, "Liability of transferee of avoided transfer."

In *Manning v. Wallace (In re First Fin. Assoc., Inc.)*, 371 B.R. 877 (Bankr. N.D. Ind. 2007), the bankruptcy court considered whether funds transferred to an investment broker for the period of two months, and then returned in their entirety, including interest, constituted a transfer for the purposes of § 550 which was recoverable from the broker by a trustee. The

MEMORANDUM OF DECISION - 9

court held that, while technically a transfer was made by an officer of the debtor, because the entirety of the transfer was returned by the investment broker, the broker was not a "transferee" for the purposes of § 550(a)(2) because, in practical effect, no transfer within the meaning of § 550(a) had been made. *Id*. at 919.  Absent a § 550 transfer, the bankruptcy court concluded that the trustee could not recover from the broker. *Id.* at 920.

Other cases are in accord.  In *Smith v. Nicholas/Earth Printing, L.L.C. (In re Bob Nicholas Enter., Inc.)*, 358 B.R. 693 (Bankr. S.D. Tex. 2007), the bankruptcy court considered whether the debtor had "transferred" purchase orders, good will, trade secrets or confidential information as alleged by the trustee.  The bankruptcy court held that "the trustee has failed to prove the fraudulent transfer or the unauthorized post-petition transfer of any asset of [the debtor]. *As liability of a transferee under 11 U.S.C. § 550 is predicated upon avoidance of a transfer* under §§ 548 or 549, the Court finds that the trustee has failed to prove a cause of action under 11 U.S.C. § 550." *Id*. at 714 (emphasis supplied). *See also In re L & D Interests, Inc.,* 350 B.R. 391, 401 (Bankr. S.D. Tex. 2006) (because the court concluded

MEMORANDUM OF DECISION - 10

that trustee failed to prove a fraudulent transfer occurred, it declined to consider the § 550(a)(1) issue); *Geltzer v. Fur Warehouse, LTD d/b/a Kaufman Furs (In re Furs by Albert & Marc Kaufman, Inc.)*, 2006 WL 3735621 *8 (Bankr. S.D.N.Y. 2006) ("Trustee cannot recover the value of the transfer from any of the transferees or beneficiaries unless he first avoids the underlying transfer. . . . The Trustee has not avoided these transfers, and accordingly, has failed to prove an essential element of his right to recover under § 550(a).").

As in those cases, here no transfer occurred by Ms. Saunders to Creditor which Trustee could avoid. Instead, it was Creditor who bestowed rights on Ms. Saunders by placing her name on the pickup's title, thereby constituting her an owner of that vehicle under Idaho's motor vehicle title laws. An impermissibly expansive reading of § 550 would be required for the Court to hold that Creditor's actions constituted a "transfer."[5] And absent an avoided transfer, § 550 appears to have no

---

[5] For purposes of the Bankruptcy Code, § 101(54) defines "transfer" broadly to include creation of a lien, retention of title as a security interest, and "each mode, direct or indirect, absolute or conditional, voluntary or involuntary,

MEMORANDUM OF DECISION - 11

relevance.

The Court acknowledges Creditor's suggestion that it is a harsh result indeed to, on the one hand, deprive her of her undisputed interest in the pickup as a result of Debtors' bankruptcy case, while at the same time, to deny her of any right to share, even ratably with creditors, in the distribution of the truck's sale proceeds.[6]

The Court must apply the Code as written, and when it does,

---

of disposing of or parting with . . . property . . . or an interest in property." Of course, under § 550 and § 502(h), the inquiry focuses on whether the debtor made a transfer to the creditor that was later avoided by the trustee. But even were the concern the other way around, it has not been shown that, by placing Haylee Saunders' name on the pickup title to assist in the disposition of the vehicle if Creditor died at some future time, Creditor intended to effect any transfer of any interest in the pickup to Saunders.

[6] This scenario is significantly different than that the Ninth Circuit recently examined in allowing a claim by a creditor-transferee under § 502(h) in *In re Laizure, supra*. In that case, the court held that, where the debtor's transfer of a payment intended to reimburse the transferee for embezzlement was later avoided by the trustee, the recipient held an allowed claim under § 502(h), even though the transferee was technically owed no "debt" as of the date of bankruptcy: "[w]ithout recourse through § 502(h), [the transferee] would never recoup the embezzled funds. To read § 502(h) otherwise would negate the impact and role § 502(h) plays in the overall statutory scheme." *In re Laizure*, 548 F.3d at 698. Unlike that case, here there is no dispute that Debtors made no transfer to Creditor that was avoided.

MEMORANDUM OF DECISION - 12

because Creditor's interest in the pickup was not an avoided transfer for purposes of § 550, her claim is not an allowed claim under § 502(h).

Trustee's objection will be sustained and Creditor's proof of claim disallowed by separate order.

A separate order will be entered.

Dated: June 22, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 13